Christopher O. Rivas (SBN 238765)
Email: crivas@reedsmith.com
Nabil A. Bisharat (SBN 270305)
Email: nbisharat@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Barclays Bank Delaware

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERTA L. SCOTT,<br><br>Debtor. | Case No. 09-59233<br><br>Chapter 7 |
| ROBERTA L. SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>CREDITOR BARCLAYS, AND DOES 1-100,<br><br>Defendant. | Adversary No.<br><br>**NOTICE OF REMOVAL OF LAWSUIT PENDING IN CALIFORNIA SUPERIOR COURT, SANTA CLARA COUNTY, TO BANKRUPTCY COURT**<br><br>*[28 U.S.C. §1452, FRBP 9027(a)]* |

– 1 –
NOTICE OF REMOVAL

TO PLAINTIFF ROBERTA L. SCOTT AND HER COUNSEL OF RECORD:

Defendant Barclays Bank Delaware ("Barclays"), is the lender with respect to a line of credit extended to Plaintiff Roberta L. Scott ("Scott"), as purportedly described in Scott's Complaint for Willful Violation of Discharge Injunction; Violation of the California Song-Beverly Credit Card Act of 1971; Violation of the Consumer Credit Reporting Agencies Act; Violation of the Fair Debt Collection Practices Act; Violation of the Unfair Business Practices Act; Libel; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Deceit; Actual Fraud; Fraud; and Constructive Fraud ("Complaint"), which is attached herein as **Exhibit 1**, and is further described below.

Barclays hereby removes the lawsuit entitled *Roberta L. Scott v. Creditor Barclays, and DOES 1-100*, Case No. 111CV207241 (the "Action"), formerly pending in the Superior Court of California, County of Santa Clara, pursuant to 28 U.S.C. §1334, 28 U.S.C. §1452, 28 U.S.C. §1441(a), and Federal Rule of Bankruptcy Procedure 9027(a)(3), and will give notice of such removal to each of the following:

Superior Court of California, County of Santa Clara
170 Park Center Plaza
San Jose, California 95113

Elliot W. Gale, Esq.
Sagaria Law, P.C.
333 West San Carlos Street, Suite 1750
San Jose, California 95110

## I.

## BACKGROUND

Scott filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Bankruptcy Code") on October 27, 2010 in the United States Bankruptcy Court, Northern District of California. The § 341(a) meeting of all creditors was held in San Jose, California on December 17, 2009. On May 24, 2010, Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. Plaintiff alleges this Discharge included the debt owed to Barclays in the amount of $250.00.

Over the next several months, Plaintiff disputed whether Barclays was properly reporting her account as a "Charge off" on her credit report. Barclays maintained that it was accurately and properly reporting her account as having a $0.00 balance after the amount owed was discharged in bankruptcy.

On August 15, 2011, Plaintiff filed her Complaint in Superior Court of California, Santa Clara County. In her Complaint, Plaintiff claims that such reporting violated 11 U.S.C. § 524, and as a consequence, multiple federal and state law violations had occurred that have caused her damage. Barclays maintains that the report is accurate and proper, and that no violation of 11 U.S. §524 or any other federal or state law has occurred. In other words, the *gravamen* of Plaintiff's claims (regardless of the causes of action under which they are pled) rest, factually and legally, on the alleged discharge order violation.

## II.

## THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1334 & 1452(a)

The core of Scott's multiple claims against Barclays rests in her First Cause of Action, in which she alleges Barclays willfully violated the Discharge injunction by seeking to collect payment on a discharged debt. Essentially, Scott contends that Barclays "falsely" and "deceptively" attempted to coerce her into paying the $250.00 she owed by reporting her account as being discharged in bankruptcy in violation of 11 U.S.C. § 524, even though Barclays reported that the account had a $0.00 balance. Complaint at ¶¶ 35-38.

All of Plaintiff's remaining claims against Barclay stem from this alleged violation of 11 U.S.C. § 524, and as such, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Thus, this Notice is properly issued pursuant to 28 U.S.C § 1452(a) on the grounds that the claims raised in the Action arise under title 11 of the United States Code, arise in a case under title 11 United States Code, or otherwise are related to a case under title 11 of the United States Code, such that federal (bankruptcy) jurisdiction exists pursuant to 28 U.S.C. § 1334(b).

/ / /

/ / /

/ / /

– 3 –
NOTICE OF REMOVAL

## III.

## NO TIMING OR JURISDICTIONAL IMPEDIMENTS PREVENT THIS COURT FROM EXERCISING JURISDICTION

No other jurisdictional or procedural issues are present such that this Court cannot exercise jurisdiction of this case. Plaintiff filed her Complaint in Superior Court of California, Santa Clara County on August 15, 2011. Barclays first became aware of her Complaint on August 23, 2011. Pursuant to Bankruptcy Rule of Procedure 9027(3)(b), Barclays is required to remove this case no later than September 22, 2011. Therefore, Barclays Notice of Removal is timely.

Moreover, this case is not a proceeding before the United States Tax Court. Moreover, this case is not a civil action by a government unit to enforce it police or regulatory power. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1334(b), and removal of this action to this Court is proper pursuant to 28 U.S.C. §1452, Federal Rule of Bankruptcy Procedure 9027(a) and Local Rule 9027-1. Finally, venue is proper in this Court under 28 U.S.C. §1452(a), because this Court is the Bankruptcy Court division with jurisdiction over the District where the Action was formerly located (Santa Clara County) pursuant to Local Bankruptcy Rule 1001-3(d).

## IV.

## CONCLUSION

Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1452 because this case is one that arises under federal bankruptcy laws, and because all of Scott's claims arise from her allegation that Barclays violated 11 U.S.C. § 524.

**WHEREFORE,** Barclays respectfully removes this action to this Bankruptcy Court from the Santa Clara County Superior Court pursuant to 28 U.S.C. §1334, 28 U.S.C. §1452, 28 U.S.C. §1441(a), and Federal Rule of Bankruptcy Procedure 9027(a). Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

DATED: September 20, 2011.

REED SMITH LLP


By  */s/ Christopher O. Rivas*
　　Christopher O. Rivas
　　Nabil A. Bisharat
　　Attorneys for Defendant
　　Barclays Bank Delaware