# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Scott J. Sagaria        217981
Sagaria Law
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
TELEPHONE NO.: (408) 279-2288    FAX NO.: (408) 279-2299
ATTORNEY FOR (Name): Roberta L. Scott

**ENDORSED FILED**

2011 AUG 15 P 4: 00

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 170 Park Center Plaza
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Family Law Division

CASE NAME: Roberta L. Scott v.
Creditor Barclays, and DOES 1-100

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 1 1 C V 2 0 7 2 4 1 |
| | | | | JUDGE: |
| | | | | DEPT: |

**BY FAX**

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:
   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☑ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☐ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8-15-11

Elliot W Gale
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Case: 11-05279    Doc# 4-1    Filed: 09/21/11    Entered: 09/21/11 14:50:44    Page 2 of 24

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice- Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ-Administrative Mandamus
   Writ-Mandamus on Limited Court Case Matter
   Writ-Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

Martin Dean's
Essential Forms

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **111CV207241**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule11toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* __Honorable Kevin McKenney__    *Department:* __20__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

　　　　*Date:* __JAN 2 4 2012__    *Time:* 2:15 PM   *in Department:* __20__

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

　　　　*Date:* _____    *Time:* _____   *in Department:* _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Case: 11-05279　Doc# 4-1　Filed: 09/21/11　Entered: 09/21/11 14:50:44　Page 4 of 24

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

Case: 11-05279   Doc# 4-1   Filed: 09/21/11   Entered: 09/21/11 14:50:44   Page 5 of 24

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:

Santa Clara County Superior Court                          Santa Clara County DRPA Coordinator
ADR Administrator                                      408-792-2910
408-882-2530

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET CIVIL DIVISION

CV-5003 REV 8/08

# EXHIBIT B

SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor/Plaintiff

ENDORSED
FILED
2011 AUG 15 P 4:00

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
CIVIL LIMITED JURISDICTION

CASE NUMBER : **1 1 1 C V 2 0 7 2 4 1**

Demand under 10,000
COMPLAINT FOR WILLFUL VIOLATION
OF DISCHARGE INJUNCTION;
VIOLATION OF THE CALIFORNIA SONG-
BEVERLY CREDIT CARD ACT OF 1971;
VIOLATION OF THE CONSUMER CREDIT
REPORTING AGENCIES ACT;
VIOLATION OF THE FAIR DEBT
COLLECTION PRACTICES ACT;
VIOLATION OF THE UNFAIR BUSINESS
PRACTICES ACT; LIBEL; INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS;
NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS; DECEIT;
ACTUAL FRAUD; AND CONSTRUCTIVE
FRAUD

Roberta L. Scott,

Plaintiff,

v.

Creditor Barclays, and DOES 1-100,

Defendants.

**BY FAX**

COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF STATE AND
FEDERAL LAWS

I.

Introduction

1. This action seeks redress for the unlawful and deceptive practices committed
by the Defendants in connection with their efforts to collect a debt discharged by the

COMPLAINT - 1

debtor's bankruptcy. Defendants' conduct involves falsely representing that a discharged debt is still owed, has been charged off, or remains late, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(a)(2)(A), the Consumer Credit Reporting Act, California Civil Code § 1785.1 et seq., and the California Fair Debt Collection Practices Act, California Civil Code § 1788. Additional causes of actions are stated for violations of the California Business and Professions Code § 17200, libel, intentional and negligent infliction of emotional distress, deceit, actual fraud, and constructive fraud.

## II.

## Jurisdiction

2. Jurisdiction of this Court arises under California Code of Civil Procedure § 410.10 et seq.

## III.

## Parties

3. Plaintiff re-alleges and incorporates by reference paragraphs 1-2 as though set forth fully herein.

4. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

5. The Defendant, St. Mary's Credit Union, (hereinafter "Creditor") is an NCUA insured corporation, with its principal place of business located at 133 West Main Street, Marlborough, MA 01752. Creditor collects debts on its own behalf and has

COMPLAINT - 2

1   agents collecting debts on its behalf throughout the county of Santa Clara and is a
2   debt collector as defined in California Civil Code § 1788.2(c).

3       6.  Plaintiff is unaware of the true names and capacities of Defendants DOES 1-
4   100, inclusive.  Plaintiff is informed and believes and thereon alleges that each
5   fictitious defendant was in some way responsible for the matters and things
6   complained of herein, and in some fashion, has legal responsibility therefore.  When
7   the exact nature and identity of each fictitious Defendants responsibility for the
8   matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to
9   amend this Complaint and all proceedings to set forth the same.

10      7.      Plaintiff is informed and believes, and thereon alleges, that at all times
11  mentioned herein, each of the Defendants is, and at all relevant times herein was, the
12  agent, employee, and alter ego of each of the remaining co-defendants, and in
13  committing the acts herein alleged, was acting in the scope of their authority as such
14  agents, employees, or alter egos and with the permission and consent of the remaining
15  co-defendants.

16

17                                   **IV.**

18                           **Factual Background**

19

20      8.  Plaintiff realleges and incorporates by reference paragraphs 1-7 as though set
21  forth fully herein.

22      9.  On October 27, 2010, Plaintiff sought protection from her creditors by filing a
23  voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for
24  the Northern District of California.

25      10. The § 341(a) meeting of creditors was held in San Jose, California on December
26  17, 2009 at 11:30 AM.

27

28

                              COMPLAINT - 3

11. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of the Bankruptcy Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $250.00 (hereinafter "Debt").

12. On May 24, 2010, Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. Plaintiff alleges that this Discharge included the debt to Creditor.

13. On July 16, 2010, Plaintiff sent to defendant via certified mail a letter informing defendant of the misreporting. Plaintiff informed Defendant per the Fair Credit Reporting Act they had 30 days to conduct an investigation and respond to the request.

14. On August, 5, 2010, Plaintiff received a response from Defendant stating that the Plaintiff's account status was being reported accurately.

15. On August 21, 2010, Plaintiff pulled her credit report once again in order to verify accurate reporting. The report dated August 21, 2010, reflected Creditor's account reporting a "Charge off" as of February 2010 to July 2010 and a 30 day late payment as of January 2010.

16. On September 27, 2010, Plaintiff mailed a letter dated once again reiterating the inaccurate reporting as well as attaching a copy of schedule F, the discharge order, and the credit report pulled on August 21, 2010.

17. In response, Plaintiff received a letter dated October 18th, 2010 where Defendant implied that Plaintiff had requested a copy of the credit card application and you provided an electronic printout to represent the application.

18. Plaintiff then sent a third letter dated November 2, 2010 reiterating the inaccurate reportings and her intention to sue if corrections are not made.

19. On November 3, 2010, Plaintiff received a letter from Defendant stating that an investigation was being conducted.

20. On December 9, 2010, Plaintiff received a letter from Defendant stating that after an investigation Defendant would change the information that has been

1 reported. Defendant requested 30 days for the changes to be made on the credit
2 report.

3    21. On February 9, 2011, Plaintiff pulled her credit report again only to find that
4 Defendant was still reporting a "Charge off" in April and March of 2010.

5    22. To date, despite being notified of the original bankruptcy and Plaintiff re-
6 notifying Defendants by disputing the reporting, Defendants have failed to take any
7 action whatsoever to correct Plaintiff's credit report and refused to give an
8 explanation of the inaccuracies in Plaintiff's credit report.

9    23. The actions of the Defendants as alleged herein constitute negligence and
10 willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. § 524.

11    24. The actions of the Defendants as alleged herein are acts in violation and
12 contempt of the Order of Discharge entered by the Bankruptcy Court.

13    25. The actions of the Defendants as alleged herein are acts in violation of
14 California Song-Beverly Credit Card Act of 1971, California Civil Code § 1747, et seq.

15    26. The actions of the Defendants as alleged herein are acts in violation of the Fair
16 Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(2)(A).

17    27. The actions of the Defendants as alleged herein are acts in violation of the
18 Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, et seq.

19    28. The actions of the Defendants as alleged herein are acts in violation of the Fair
20 Debt Collection Practices Act, 15 U.S.C. § 1692(f)(1)..

21    29. The actions of the Defendants as alleged herein are acts in violation of the
22 California Business and Professions Code § 17200.

23    30. The actions of the Defendants as alleged herein constitute libel in violation of
24 California Civil Code § 45.

25    31. The actions of the Defendants as alleged herein constitute intentional infliction
26 of emotional distress.

27    32. The actions of the Defendants as alleged herein constitute negligent infliction of
28 emotional distress.

33. The actions of the Defendants as alleged herein constitute deceit in violation of California Civil Code § 1710.

34. The actions of the Defendants as alleged herein constitute constructive fraud in violation of California Civil Code § 1573.

## V.
### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### WILLFUL VIOLATION OF DISCHARGE INJUNCTION 11 U.S.C. § 524
### AS TO DEFENDANT CREDITOR AND DOES 1-100

35. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-34, as though fully set forth herein.

36. The actions of Creditors in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtor are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

37. The actions of the Creditors in seeking to collect on a debt after the debtor's lawful discharge, constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. § 524.

38. The conduct of the Creditors in this case has substantially frustrated the discharge order entered by the Bankruptcy Court and has caused the debtor unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

39. **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

COMPLAINT - 6

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA SONG-BEVERLY
## CREDIT CARD ACT OF 1971
## CALIFORNIA CIVIL CODE § 1747, ET SEQ.
## AS TO DEFENDANT CREDITOR AND DOES 1-100

40. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-39, as though fully set forth herein.

41. On dates uncertain, Creditor published, or caused to be published, credit reports which contained statements about Plaintiff that were untrue, and were known to be or should have been known to be untrue. These false statements claimed Plaintiff was delinquent in payments on a debt included in Plaintiff's bankruptcy.

42. Despite Creditor having actual knowledge of Plaintiff's bankruptcy filing, Creditor, and/or its agent, falsely, and without privilege to do so, reported this alleged debt as currently due, owing, and delinquent.

43. Creditor knowingly and willfully communicated to credit reporting agencies including, but not limited to Experian, Trans Union, Equifax, and others information regarding an untrue delinquency in payments on account by Plaintiff.

44. The communications made by Creditor to Experian, Trans Union, Equifax, and others, were untrue and Creditor knew or should have known that the communications were untrue and/or acted in reckless disregard for the truth of the statements.

45. As a direct and proximate result of the unreasonable and unsubstantiated false reports of Plaintiff's credit worthiness, and willful, untrue, and knowingly made communications by Creditor, Plaintiff has suffered actual damage, incurred costs, and expenses, in an amount to be proven at trial.

46. As a further direct and proximate result of acts by Creditor as stated herein, Plaintiff experienced unwarranted difficulty obtaining credit from other credit agencies, and suffered humiliation, embarrassment, anxiety, emotional distress and defamation of character.

COMPLAINT - 7

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(a)(2)(A)
### AS TO DEFENDANTS CREDITOR AND DOES 1-100

47. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-46, as though fully set forth herein.

48. Creditor, in the course of regular business, reports information to credit reporting agencies.

49. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquency in payment to credit reporting agencies, and other actions previously described in violation of 15 U.S.C. § 1681s-2(a)(2)(A).

50. Creditor should have discovered through investigation that the reported information of Plaintiff's account, and alleged delinquencies in payment were inaccurate.

51. Creditor failed to notify consumer reporting agencies that the information defendant provided such agencies, was inaccurate in a prompt manner, in violation of 15 U.S.C. § 1681s-2(a)(2)(A).

52. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights, amounting to malice.

53. As a direct and proximate result of willful, untrue and knowingly made communications by Creditor, Plaintiff has suffered damages, and incurred costs and expenses in an amount to be determined at trial.

54. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services

COMPLAINT - 8

from vendors and additional credit from other credit agencies, and suffered
humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation
of character.

WHEREFORE, Plaintiff respectfully requests that this Court enter
judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CONSUMER CREDIT REPORTING AGENCIES ACT
## CALIFORNIA CIVIL CODE § 1785.25 ET SEQ.
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

55. Plaintiff re-alleges and incorporates herein by this reference the allegations of
paragraphs 1-54, as though fully set forth herein.

56. Creditor, in the course of regular business, reports information to credit
reporting agencies.

57. Creditor intentionally and knowingly reported inaccurate and false
information regarding delinquency in payment to credit reporting agencies, and other
actions previously described in violation of California Civil Code § 1785.25(a).

58. Creditor should have discovered through investigation that the reported
information of Plaintiff's account, and alleged delinquencies in payment were
inaccurate.

59. Creditor failed to notify consumer reporting agencies that the information
Creditor provided such agencies, was inaccurate in a prompt manner, in violation of
California Civil Code § 1785.25(b).

60. Creditor failed to correct inaccurate information provided to the agencies as
described hereinabove in violation of California Civil Code § 1785.25(b).

61. Creditor's communications of false information, and repeated failures to
investigate, and correct their inaccurate information and erroneous reporting were

COMPLAINT - 9

1 done knowingly, intentionally, and in reckless disregard for their duties and
2 Plaintiff's rights, amounting to malice.

3     62. As a direct and proximate result of willful, untrue and knowingly made
4 communications by Creditor, Plaintiff has suffered damages, and incurred costs and
5 expenses in an amount to be determined at trial.

6     63. As a further direct and proximate result of Creditor acts state herein, Plaintiff
7 incurred pain and suffering, was impeded in seeking necessary products and services
8 from vendors and additional credit from other credit agencies, and suffered
9 humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation
10 of character.

11       WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as
12 hereinafter set forth.

13

14                           **FIFTH CAUSE OF ACTION**
15     **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
                                **15 U.S.C. § 1692(f)(1)**
16         **AS TO DEFENDANT CREDITOR AND DOES 1-100**
17

18     64. Plaintiff re-alleges and incorporates herein by this reference the allegations of
19 paragraphs 1-63, as though fully set forth herein.

20     65. Defendants violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect
21 amounts not permitted by law and by otherwise using unfair and unconscionable
22 methods.

23     66. Defendants additionally violated the FDCPA. Defendants violations include
24 but are not limited to engaging in any conduct the natural consequences of which is to
25 harass, oppress, or abuse any person in connection with the collection of a debt, 15
26 U.S.C. § 1692(d).

27     67. As a result of the above violations of the FDCPA, Defendants are liable to
28 Plaintiff for actual damages, statutory damages of $1,000.00, and attorneys' fees.

COMPLAINT - 10

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in as hereinafter set forth.

<strong>SIXTH CAUSE OF ACTION<br>
VIOLATION OF CALIFORNIA FAIR DEBT<br>
COLLECTION PRACTICES ACT<br>
CALIFORNIA CIVIL CODE § 1788, ET SEQ.<br>
AS TO DEFENDANT CREDITOR AND DOES 1-100</strong>

68. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-67, as though fully set forth herein.

69. Creditor is an individual corporation engaged in debt collection in the State of California, and as such is a debt collector as defined in California Civil Code § 1788.2(c), as well as a person as defined in California Civil Code § 1788.2(g).

70. Creditor willfully and knowingly violated California Civil Code § 1788.14.

71. As a direct and proximate result of Creditors willful, untrue, and knowingly made communications, Plaintiff has suffered damages, and incurred costs and expenses in an amount to be determined at trial.

72. As a further direct and proximate result of Creditor's acts stated herein, Plaintiff incurred pain and suffering, was impeded from obtaining additional credit from other credit agencies, and suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

COMPLAINT - 11

## SEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES ACT
## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200
## AS TO DEFENDANT CREDITOR AND DOES 1-100

73. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-73, as though fully set forth herein.

74. Plaintiff brings this action in individual capacity and on behalf of the general public.

75. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

76. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unfair practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

77. Creditor's acts and practices described above were and are likely to continue to mislead the general public and, therefore, constitute misleading and unfair practices within the meaning of Business and Professions Code § 17200.

78. These unfair and unlawful business practices of Creditor are likely to continue and, therefore, will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

79. Additionally, these acts and practices were and are likely to continue to mislead the general public in that they constitute violations of California Civil Code §§ 1747, et seq., 1785, et seq., and 1788, et seq.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

COMPLAINT - 12

## EIGHTH CAUSE OF ACTION
## LIBEL CALIFORNIA CIVIL CODE § 45
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

80. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-79, as though fully set forth herein.

81. It is alleged that without legal cause, or legal right to do so, Creditor allowed and continues to allow credit reporting agencies to report that Plaintiff currently owes money to Creditor and is delinquent in not paying this alleged debt.

82. These reports or publications by Creditor referred to Plaintiff as delinquent in financial responsibilities, and is understood by all who saw said reports that Plaintiff was not creditworthy.

83. As a result of the acts alleged above, Plaintiff has suffered damage to her good name and reputation, credit reporting, and rating.

84. The reports or publications by Creditor were libelous on their face in that they clearly exposed Plaintiff to ridicule and obloquy because they stated delinquency in payment, indicated incapability of paying debts, indicated a credit risk, and foreclosed personal transactions based on credit.

85. Creditor's publications were seen and read by numerous credit reporting agencies and credit granting organizations, and as a result, the false information was disseminated throughout the financial community to any service or institution with an inquiry.

86. The above-described publication was not privileged because it was published or caused to be published by Creditor with knowledge of its falsity and a reckless disregard for the truth of the matter constituting malice toward Plaintiff. Because of Creditor's malice in publishing this false report, Plaintiff seeks punitive damages in an amount to be determined at trial.

87. On information and belief, Plaintiff alleges that this false and malicious publication was made in retaliation for Plaintiff filing a Chapter 7 petition.

Case: 11-05279   Doc# 4-1   Filed: 09/21/11   Entered: 09/21/11 14:50:44   Page 20 of 24

88. As a direct and proximate result of these malicious, wrongful, and willful acts, Plaintiff suffered injury which resulted in headaches, nausea, embarrassment, and other physical damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

## NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

89. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-88, as though fully set forth herein.

90. Creditor's conduct and personal insult in the above stated causes of action were so severe, outrageous, and intentional, that as a proximate result, Plaintiff was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, pain and suffering, and defamation of character.

91. Such conduct violates Plaintiff's enjoyment of rights secured by the Constitution of the United States, and California Civil Code §§ 43 and 1708.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

## TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

92. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-91, as though fully set forth herein.

93. Creditor's negligent conduct and personal insult in the above referenced causes of action proximately caused Plaintiff impediment in seeking necessary products and services from vendors and additional credit from other credit agencies, humiliation,

Case: 11-05279    Doc# 4-1    Filed: 09/21/11    Entered: 09/21/11 14:50:44    Page 21 of 24

embarrassment, anxiety, loss of sleep, emotional distress, pain and suffering, and defamation of character.

94. As a further direct and proximate result of the negligent acts by Creditor and their refusal to rectify their errors as stated herein, Plaintiff has suffered damages and incurred costs and expenses in an amount to be determined at trial.

95. Such conduct violates Plaintiff's enjoyment of rights secured by the Constitution of the United States, and California Civil Code §§ 43 and 1708.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
## DECEIT CALIFORNIA CIVIL CODE § 1710
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

96. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-95, as though fully set forth herein.

97. The actions taken by Creditor violate California Civil Code § 1710 in that they are attempting to collect on a debt against the Plaintiff personally when they have no reasonable grounds for doing so.

98. Creditor's actions after actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge clearly demonstrates assertions of fact which are not true.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

## TWELVETH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD CALIFORNIA CIVIL CODE § 1573
## AS TO DEFENDANTS CREDITOR AND DOES 1-100

99. Plaintiff re-alleges and incorporates herein by this reference the allegations of paragraphs 1-98, as though fully set forth herein.

COMPLAINT - 15

100.    The actions taken by Creditor violate California Civil Code § 1573, in that they were attempting to collect on a debt personally against the Plaintiff when they had no reasonable grounds for doing so.

101.    Creditor's subsequent attempt to collect on a discharged debt personally against the Plaintiff after actual knowledge of Plaintiff's bankruptcy filing is clearly a breach of duty by gaining an advantage against the Plaintiff and misleads the Credit Reporting Agencies to Plaintiff's prejudice.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Creditor and DOES 1-100 as follows:

A. Declare that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681s-2(a)(2)(A); 15 U.S.C. § 1692(f)(1); California Business and Professions Code § 17200 et seq.; and California Civil Code §§ 45, 52.1, 1573, 1710, 1747.40, 1785.25 et seq., 1788;

B. Enjoin Creditor from continuing its policies and practices pursuant to 15 U.S.C. § 1681s-2(a)(2)(A); 15 U.S.C. § 1692(f)(1); California Business and Professions Code § 17200 et seq.; and California Civil Code §§ 45, 52.1, 1573, 1710, 1747.40, 1785.25 et seq., 1788;

C. Order Creditor to correct Plaintiff's credit reports and other credit bureau reports to accurately reflect Plaintiff's debt has been discharged;

D. Award actual damages pursuant to 11 U.S.C. § 105; § 15 U.S.C. 1681n; California Civil Code §§ 52.1, 1573, 1709, 1714, 1785.31, 1788.30(a), and 3281;

E. Award attorney's fees and costs of suit incurred herein pursuant to 11 U.S.C. § 105; 15 U.S.C. § 1681n; California Civil Code §§ 52.1(h), 1012.5, 1747, 1785.31, and 1788.30(c);

Case: 11-05279    Doc# 4-1    Filed: 09/21/11    Entered: 09/21/11 14:50:44    Page 23 of 24

F.  Award damages for pain and suffering against Creditor pursuant to California Civil Code § 1785.31;

G. Award interest pursuant to California Civil Code § 3288;

H. Award a penalty against Creditor of $ 100.00 to $1,000.00 pursuant to California Civil Code § 1788.30(b);

I.  Award punitive damages in an amount to deter further unlawful conduct pursuant to 11 U.S.C. § 105; 15 U.S.C. § 1681n; and California Civil Code § 1785.31;

J.  Award statutory damages and legal fees pursuant to 11 U.S.C. § 1692(k);

K. Award treble damages against Creditor in an amount to deter further unlawful conduct pursuant to California Civil Code § 1747.70(d);

L. Restore Plaintiff and those similarly situated any money or property already acquired as a result of Creditor's unlawful conduct; and

M. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.


SAGARIA LAW, P.C.

Dated: August 15, 2011          By:    /s/ Elliot W. Gale, Esq.
                                       Elliot Gale, Esq.
                                       Attorney for Debtor/Plaintiff

COMPLAINT - 17